*Twenty-third Judicial District.*

# In the Court of Common Pleas of Berks County.

## TREICHLER v. HAUCK.

Where, during the attendance of a defendant in a criminal case upon his trial, he is served (outside the court house) with a writ of summons, it will be allowed to stand. Where a *capias* is issued against him, the personal service will not be interfered with, but he will be discharged on common bail.

Rule to set aside service of writ.

Opinion by

WOODWARD, P. J. A writ of *capias ad respondendum* was served on this defendant while he was in Reading, in attendance on the court of quarter sessions, on an indictment for fornication and bastardy. The service was made on the day of the trial of the indictment. The entry of bail to the *capias* was waived by the plaintiff's counsel, and it was agreed that the service of the writ should stand with the effect of the service of a summons subject to the opinion of the court, on the final disposition of this rule as to the defendant's liability to be effected by civil process of any kind.

The uniform current of authority shows that a party to a civil suit is privileged, during his attendance on the trial, from the service of any writ in any other civil proceeding, and the general current of authority is against the existence of any such privilege where the party served is a defendant in any criminal indictment. The reason for a definite and unqualified distinction of this kind is not perceptible. There would seem to be as much inconvenience resulting from seizing a defendant under a *capias* while attending a criminal court, and holding him in custody in default of bail, as could possible arise from the service of a summons on a party attending the court upon the trial of a civil action. There may be some recondite philosophical reason for the distinction, but the probability is that it originated in the same popular and professional feeling towards persons charged with crime, which, even in Pennsylvania, down almost to the commencement of this custody, prompted the legal rule that held a perfectly innocent man in custody after his acquittal until he paid the costs of prosecution. If this court were at liberty to act upon their own convictions, they would be constrained to apply precisely the same rule to parties in civil and criminal cases. But

to the extent of holding a defendant in an indictment to be subject to the service of a summons, the rule has been invariable. Beyond that point, however, there has been conflict of authority. In some courts it has been held that it was competent for a party to issue a *capias* and hold a defendant to bail. In others, while the personal service has been sustained, the practice has been to set the demand for bail aside. It is believed that the latter practice is that which it is the duty of this court to recognize and adopt. Where during the attendance of a defendant in a criminal case upon his trial he is served (outside the court house), with a writ of summons, it will be allowed to stand. Where a *capias* is issued against him, the personal service will not be interfered with, but he will be discharged on common bail. This course is in accordance with the precedents of Bours *v.* Tuckerman, 7 Johns. 538; Hopkins *v.* Coburn 1, Wendell 292; and Sanford *v.* Chase 3, Cowen 381. The effect of the agreement of counsel made when this rule was granted, has been to leave the defendant liable to answer to the action while he has been relieved of the necessity of giving bail. The rule to show cause is discharged.